# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1073

_____

United States of America

*Plaintiff - Appellee*

v.

Dangelo M. Erving

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 17, 2017
Filed: February 2, 2018
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Dangelo Erving appeals a district court[1] order revoking his supervised release. But Erving was released from custody on November 3, 2017, two weeks before his

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

appeal was submitted to this panel. Before we can proceed to the merits of Erving's arguments on appeal, we must satisfy ourselves that we have jurisdiction. We are "without power to decide questions that cannot affect the rights of litigants." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam). Because Erving's post-revocation sentence of incarceration has been discharged, we can consider the appeal of his revocation sentence only if there is some ongoing "collateral consequence" of the revocation or incarceration. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). In other words, he must show that he has a "concrete and continuing injury other than the now-ended incarceration or parole." Id.

Erving seeks only reversal of the district court's revocation of his supervised release. His post-revocation sentence is discharged, he received no new term of supervised release, and he has not identified any collateral consequences that amount to a concrete and continuing injury. Under these circumstances, Erving presents no case or controversy for us to resolve.

The appeal is dismissed as moot.

_____